IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RONALD E. HARRIS, II, | : | |
| Plaintiff, | : | Civil Action 2:09-cv-956 |
| v. | : | Judge Smith |
| WARDEN, CHILLICOTHE CORRECTIONAL INSTITUTION, *et al.*, | : | Magistrate Judge Abel |
| | : | |
| Defendant. | | |

## ORDER

This matter is before the Court pursuant to Plaintiff's objections (Doc. 13) to the January 7, 2010 initial screening report and recommendation (Doc. 10). Plaintiff, a prisoner incarcerated at the Chillicothe Correctional Institution ("CCI"), has brought suit against the warden and several other persons. In his complaint, he alleged that he was placed in segregated confinement after being accused of using the mail system to annoy the Hon. Susan J. Fornof-Lippencott, a judge of the Champaign County Municipal Court. He also alleged that the warden and other prison staff had been interfering with his consultant business and with "the thing theory utility patent". In the initial screening, the Magistrate Judge found that, to the extent that the complaint stated a cognizable claim, it merely alleged that Plaintiff was placed in disciplinary segregation, which is not actionable in and of itself. The Magistrate Judge recommended that the complaint be dismissed for

1

failure to state a claim for deprivation of civil rights under 42 U.S.C. §1983.

The plaintiff has now filed objections to this report and recommendation. In his objections, he elaborates somewhat on the circumstances of his discipline. He states that the CCI Institutional Investigator has implied that Plaintiff "is in a bunch of trouble", and has demanded to know what Plaintiff mailed to Judge Fornof-Lippencott. Plaintiff states that he informed the Investigator at the time that he was exercising his Fifth Amendment right to silence, but that he now identifies the material mailed as a "photoray return". (Doc. 13 at 2.) He also complains vaguely of other malicious treatment by prison officials, and refers to grievances towards CCI for "removing and stealing inmates LAW SETTLEMENTS From the honorable courts civil sandra bullock, as with Jane Reno Attorney General 2000". (*Id.* at 4.) His objections are accompanied by five affidavits, all of which appear to be lists of objects or events such as "optic sugery gun atomics 7-20-2009" and "revalation animals research upgrades 7-22-09." (*Id.* at 7-12.)

It is simply impossible to determine what legally cognizable harm has been inflicted upon Plaintiff or what relief this Court could or should grant upon such claims. A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-329 (1989); *see also Lawler v. Marshall*, 898 F.3d 1196, 1198 (6th Cir. 1990). An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible". *Denton v. Hernandez*, 504 U.S. 52, 32-33 (1992); *Lawler*, 898 F.2d at 1199. The complaint may not be

dismissed as factually frivolous simply because the court finds the plaintiff's claims unlikely or improbable. *Denton*, 504 U.S. at 33. As stated in the complaint, Plaintiff's allegations, as the Magistrate Judge found, insufficient to state a claim for deprivation of civil rights. As elaborated upon in the objections, they are so irrational that the pleading is legally frivolous.

Accordingly, the Report and Recommendation of the Magistrate Judge (Doc. 10) is hereby **ADOPTED**. This action is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**